UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00147 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| AARON CROSBY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | (Resolving Doc. 842) |

This matter is before the Court on the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 842) (the "Motion") filed by Defendant Aaron Crosby ("Crosby"). The United States of America filed the *Government's Response to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 847).

For the reasons stated below, the Motion is DENIED.

**I.    BACKGROUND**

A federal grand jury charged Crosby with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(C), and 846 (Count One), three counts of distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Seven – Nine), possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count 19), four counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Counts 20–23), and use of a communications facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Count 29). Doc. 1.

Pursuant to a plea agreement, Crosby pled guilty as to Counts One, Seven, and Nineteen. Doc. 248.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 355. The PSI indicated Crosby had a total offense level of 27 (after reductions for acceptance of responsibility and a timely plea) and a criminal history category of V, therefore his advisory guideline range was 120–150 months. Doc. 355 at p. 17, ¶ 82. The Court ultimately sentenced Crosby to a term of 150 months' imprisonment; Counts 8–9, 20–23, and 29 were dismissed. Doc. 477.

After Crosby's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Crosby's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 100–125 months. Crosby now seeks retroactive application of Amendment 821 to reduce his sentence to 125 months.

II.     LAW AND ANALYSIS

    A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

**B. Analysis**

In the Motion, Crosby asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 100–125 months as opposed to the 120–150 months used at the time of sentencing. Doc. 842 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

3

At the time of sentencing, Crosby's total criminal history points were ten (10). Doc. 355 at p. 13, ¶ 59. Eight (8) of those points were the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(c). Doc. 355 at pp. 10–13, ¶¶ 46–56. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Crosby was on probation for state charges. Doc. 355 at p. 13, ¶ 58. Crosby now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be nine (9) under the new calculation. Doc. 842 at p. 3. The Court finds that Amendment 821 affects Crosby's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Crosby's case. *See Jones*, 980 F.3d at 1107. This is first due to Crosby's lengthy criminal history. *See* 18 U.S.C. §§ 3553(a)(1). His first arrest happened at 20 years old when he committed domestic violence. Doc. 355 at p. 10, ¶ 46. His criminal activity has continued since then, including drug abuse and trafficking charges of various degrees. Doc. 355 at pp. 11–13, ¶¶ 46–56. Crosby's extensive criminal history paired with the similarities between the underlying offenses and his earlier convictions show that he has yet to be deterred from illegal actions, specifically related to drug trafficking. The Court must further consider the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). Crosby was part of a large

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

drug-trafficking ring involved in distributing heroin, fentanyl, fentanyl analogues, and crack cocaine. Doc. 355 at p. 5, ¶¶ 1–4. At one point, Crosby was confronted by law enforcement and attempted to flee, first in a vehicle and then on foot. Doc. 355 at p. 8, ¶ 27. At the time of sentencing, the Court considered these factors and determined that a 150-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 477; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Crosby's 150-month sentence is not warranted. The Court's imposition of the 150-month sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 842) is DENIED.


Date: May 29, 2024                                   */s/ John R. Adams*
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE